United States District Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| KHALED SALAH ABU-HAMDAH, § § Petitioner, § § v. § § MIGUEL VERGARA, *et al.*, § § Respondents. § | Civil Action No: 1:25-cv-00142 |

### ORDER

Before the Court is Petitioner Khaled Salah Abu-Hamdah's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Hamdah's "§ 2241 Petition"). Dkt. No. 1. Hamdah, a resident of Palestine who was born in Jerusalem, claims that he has been in immigration custody pursuant to a reinstated order of removal since October 17, 2024, with no reasonably foreseeable prospect of removal in violation of his Fifth Amendment Due Process rights, 8 U.S.C. § 1231(a)(6), and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 1, 4. Hamdah asks the Court to issue a writ of habeas corpus to secure his immediate release. *Id.* at 10.

The Attorney General is authorized to reinstate a prior order of removal for any alien found to have unlawfully reentered the United States after having previously been removed. 8 U.S.C. § 1231(a)(5). Such a reinstated removal order is not subject to review and is, thus, administratively final. *Id.* § 1231(a)(1)(B)(i); *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). The Government generally must execute a final order of removal within 90 days (the "removal period"). 8 U.S.C.A. § 1231(a)(1)(A). The United States Supreme Court has held that post-removal-period detention must be limited to a duration "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689 (2001). Up to

six months of detention following a final order of removal is presumptively reasonable, but if after the six-month period the alien can show that "there is no significant likelihood of removal in the reasonably foreseeable future," the Government must provide evidence to rebut that showing. *Id.* at 701.

Here, Hamdah claims that he has been in immigration detention under a reinstated final order of removal since October 17, 2024, *i.e.*, for over eight months, and that he does not have citizenship with any country. *Id.* at 1, 4. It does not plainly appear from the § 2241 Petition that Hamdah is not entitled to the requested relief. Hamdah's allegations, taken together, suffice to raise genuine questions as to the likelihood of his removal in the reasonably foreseeable future.

Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id.* Here, Hamdah is being held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 2. Hamdah's custodian, then, would appear to be the facility administrator of El Valle, Francisco Venegas, one of the named respondents. *Id.* at 4; *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

Accordingly, the Clerk of Court is **DIRECTED** to correct the docket to reflect Francisco Venegas as the respondent. If Venegas is no longer the custodial officer for the El

Valle Detention Facility, the Government shall inform the Court of who is the proper respondent.

It is further **ORDERED** that Venegas has **20 days** from service of the § 2241 Petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Hamdah's reply after Venegas's filing.

**SO ORDERED.**

**SIGNED** on this **8th** day of **July, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**