**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| KHALED SALAH ABU-HAMDAH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No: 1:25-cv-00142 |
| § | |
| MIGUEL VERGARA, *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER**

Before the Court is the Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (the Government's "Response and Motion for Summary Judgment"). Dkt. No. 12. The Government argues that Petitioner Khaled Salah Abu-Hamdah's continued post-removal period immigration detention is lawful under the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 5.

Earlier this month, when the Court ordered the Government to respond to Abu-Hamdah's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Abu-Hamdah's "§ 2241 Petition"), it explained that the Court would "set a deadline for [Abu]-Hamdah's reply" after receiving the Government's response. Dkt. No. 1; Dkt. No. 8 at 3. In habeas cases, federal law generally directs courts to schedule a hearing, at which the detainee shall be present, to take place no later than five days after receiving the Government's response unless good cause warrants additional time. 28 U.S.C. § 2243. Generally, an evidentiary hearing is unnecessary when the parties' filings raise only "questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *cf. Walker v. Johnston*, 312 U.S. 275, 285, 61 S. Ct. 574, 579, 85 L. Ed. 830 (1941)

(holding that district court erred in resolving factual and legal questions in habeas proceeding solely on the petition, response, and accompanying affidavits without holding an evidentiary hearing). Here, the Government claims that Abu-Hamdah is "set to be removed in the near future." Dkt. No. 12 at 7. The Government attaches a sworn affidavit from Monica Peets,[1] which ostensibly corroborates that the Government has "secured a removal date and [Abu-Hamdah] is scheduled for removal no later than the end of July 2025." Dkt. No. 12-1 at 3.

Abu-Hamdah has not yet had an opportunity to address these factual allegations. The Court acknowledges the possibility that affording Abu-Hamdah an opportunity to reply to the Government's Response and Motion for Summary Judgment could settle all factual issues, leaving only questions of law to be resolved, thus making an evidentiary hearing unnecessary. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977) (holding that evidentiary hearing was not necessary even though habeas petition was not facially meritless because of availability of summary judgment procedure); *accord Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984) (per curiam) (In habeas proceedings involving a federal prisoner, "[a]n evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); *U. S. ex rel. Kendzierski v. Brantley*, 447 F.2d 806, 809 (7th Cir. 1971) (noting that factual averments in habeas proceedings should receive the "benefit of an adversary presentation by both parties," only after which "will it be possible to determine whether an evidentiary hearing is necessary[.]"); *Yeaman v. United States*, 326 F.2d 293, 294 (9th Cir. 1963) (per curiam) ("When the merits of [a habeas] application can be determined

---

[1] Peets is a supervisory officer for the San Antonio, Texas Field Office of Enforcement and Removal Operations, whose duty station is the Immigration and Customs Enforcement ("ICE") Processing Center located in Pearsall, Texas, where Abu-Hamdah has since been transferred to. Dkt. No. 12 at 1 n.1; Dkt. No. 12-1 at 1. Abu-Hamdah's subsequent transfer to an ICE facility located in the Western District of Texas does not divest this court of jurisdiction over the § 2241 Petition. *See United States v. Wilburn*, No. CRIM. H-04-0455-012, 2009 WL 197569, at *2 (S.D. Tex. Jan. 27, 2009) (Atlas, J.) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978)).

on the record before the court, a hearing is not required[.]"). At minimum, this possibility constitutes "good cause" to not hold an evidentiary hearing at this time. 28 U.S.C. § 2243.

Accordingly, Abu-Hamdah is **ORDERED** to reply to the Government's Response and Motion for Summary Judgment on or before **August 15, 2025**. The Government is **FURTHER ORDERED** to promptly inform the Court if Abu-Hamdah is removed during the pendency of this action. The Court will determine whether to schedule an evidentiary hearing after receiving Abu-Hamdah's reply.

**SO ORDERED.**

**SIGNED** on this **28th** day of **July, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**